**Ronald A. KEITH, Sr., Petitioner,**

v.

**Gary McCAUGHTRY, Respondent.**

No. 91–C–219.

United States District Court, E.D. Wisconsin.

Sept. 25, 1991.

Ronald A. Keith, Sr., pro se.

James E. Doyle, Atty. Gen., by Marguerite M. Moeller, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The petitioner, Ronald A. Keith, Sr., is currently incarcerated in the Waupun Correctional Institution where he is serving a ten-year sentence resulting from a March 8, 1984, conviction of second degree sexual assault. This sentence was imposed on September 10, 1989, following the revocation of Mr. Keith's probation. Other actions filed by Mr. Keith in this court disclose that Mr. Keith has been serving additional sentences for other sexual assault convictions.

Before the court are the following applications submitted by Mr. Keith:

(1) petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed on March 6, 1991;

(2) Motion for Summary Judgment, filed on June 18, 1991;

(3) Motion for Release Pending Finalization of Litigation of Case, filed on June 18, 1991; and

(4) Motion to Clarify Traverse Record, filed on July 31, 1991.

Upon a review of the petition, the state record and other materials before the court, the court finds that Mr. Keith's petition for a writ of habeas corpus must be dismissed. Notwithstanding his motion to clarify the traverse record, the court concludes that further briefing is unnecessary. Accordingly, Mr. Keith's motion for summary judgment will be dismissed as moot. Further, his motion for release pending finalization of the case and motion to clarify the traverse record will also be dismissed as moot.

## I.

On March 8, 1984, Mr. Keith, who was then represented by counsel, entered a no contest plea to one count of first degree sexual assault and to one count of second degree sexual assault. (In each count, Mr. Keith was alleged to have made unlawful sexual contact with a different juvenile male.) On March 8, 1984, as a result of the no contest plea, a judgment of conviction was entered, and a sentence was imposed. Mr. Keith received a 50 month sentence (which he served and completed) on the first degree sexual assault charge, and he received probation for a term of five years on the second degree sexual assault charge.

During his probation, he had contact with a juvenile boy, in violation of one of the conditions of his probation, that he have no contact with juveniles under the age of sixteen with the exception of any blood relatives. On September 7, 1989, his probation was ordered revoked, and he was re-sentenced to an indeterminate term of not more than ten years.

The record discloses the following series of events: Mr. Keith failed to appeal his March 8, 1984, conviction. Instead, he filed a series of post-conviction motions challenging the validity of his no contest plea, pursuant to Wis.Stat. § 974.06. In his original post-conviction motion, filed on October 7, 1986, Mr. Keith, by counsel, sought withdrawal of his no contest plea on the grounds that his plea was not knowingly or voluntarily made and was made while under the influence of medication. On December 12, 1986, and December 22, 1986, the trial court conducted two evidentiary hearings on this matter. On December 22, 1986, in open court and on the record, the court concluded that the plea was voluntarily and knowingly made and denied his motion. Mr. Keith neglected to file an appeal from the denial of this post-conviction motion.

On July 27, 1988, Mr. Keith, again by counsel, filed a second post-conviction motion for plea withdrawal on the ground that the plea agreement had been violated. Specifically, Mr. Keith argued that a court-ordered condition of probation was that he have no contact with juveniles under the age of 16, but that the "probation and parole department" had conditioned his probation on avoiding contact with juveniles under the age of 18. The trial court conducted an evidentiary hearing on this motion, on August 26, 1988, and subsequently denied Mr. Keith's second motion for plea withdrawal. The record does not disclose whether the court ever entered a formal order to this effect. Nor is there any record of Mr. Keith's having taken an appeal.

A third post-conviction motion for plea withdrawal was filed on August 9, 1989. The basis for this motion was ineffective assistance of trial counsel in connection with his March 8, 1984, plea. On September 7, 1989, the trial court addressed Mr. Keith's third post-conviction motion at Mr. Keith's sentencing hearing and orally denied the motion on the record in open court. At this hearing, the court noted that Mr. Keith had failed to subpoena his former attorneys and that it had previously examined the matter when it ruled on Mr. Keith's original motion for plea withdrawal. During this hearing, the court also imposed the sentence that Mr. Keith now challenges. Mr. Keith did not appeal the denial of this motion.

On January 4, 1990, Mr. Keith filed a fourth post-conviction motion seeking plea withdrawal. The grounds raised in this motion were (1) ineffective assistance of

trial counsel; (2) that his plea was not knowingly or voluntarily made; (3) that the state violated the plea agreement; and (4) that newly discovered evidence "supports his innocence." No hearing was held in connection with this motion. With respect to the first and second grounds raised by Mr. Keith, the trial court denied the motion because his plea had previously and unsuccessfully been challenged on these grounds in earlier post-conviction motions. With respect to the third and fourth grounds, the trial court examined their respective merits and denied the motion in a written decision and order entered January 22, 1990.

On February 9, 1990, Mr. Keith filed an appeal from the denial of this post-conviction motion with the Wisconsin court of appeals. On appeal, Mr. Keith asserted six grounds: the same four grounds in support of his January 4, 1990, request to withdraw his no contest plea and two new issues (reduction of his sentence and review of trial court's refusal to release him on bail pending appeal).

The Wisconsin court of appeals rejected Mr. Keith's various claims that the trial court erred in refusing to vacate his plea as involuntarily and not knowingly made, but did so without reaching the merits of the claims. The state court of appeals decided that Mr. Keith had waived review of this issue because he failed to appeal from the denial of his original post-conviction motion upon which the issue was adjudicated on its merits.

As for the three remaining grounds that had been presented to the trial court, the Wisconsin court of appeals declined to review their merits in light of Mr. Keith's waiver of review of these issues under Wisconsin's post-conviction motion statute. That statute prohibits successive petitions such as those that Mr. Keith has filed. *See* Wis.Stat. § 974.06(4).

In the appeal dated February 9, 1990, the petitioner also sought, for the first time, reduction of his sentence and review of the trial court's refusal to release him on bail pending the appeal. The Wisconsin court of appeals examined the merits of his request for sentence reduction and denied his

request. It also determined that the issue of bail was moot since it was affirming the trial court's decision.

Mr. Keith then filed a petition for review with the Wisconsin supreme court, which denied review in a written order dated February 5, 1991.

## II.

In this habeas petition, Mr. Keith presents some six grounds for relief: (1) that his conviction was obtained by plea which was unlawfully induced and involuntarily made; (2) that he was denied the effective and competent assistance of counsel; (3) that he was mentally incompetent before making his no contest plea; (4) that his post-conviction counsel was ineffective; (5) that the trial court abused its discretion; and (6) that prosecutorial misconduct was committed.

The state concedes that Mr. Keith has exhausted his state court remedies in connection with all of his claims that are cognizable in a federal habeas corpus proceeding. However, the state argues that Mr. Keith's ineffective assistance of post-conviction counsel claim, abuse of discretion claim, and prosecutorial misconduct claim are not cognizable in habeas corpus petitions under 28 U.S.C. § 2254(b) and that he has forfeited his remaining claims by procedurally defaulting in state court.

■ A federal court may only address the merits of constitutional claims brought in a petition for habeas corpus relief when the state courts have had a full and fair opportunity to address them. *Farrell v. Lane,* 939 F.2d 409 (7th Cir.1991); *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1131–32 (7th Cir.1990).

■ Determining whether the state courts have had a full and fair opportunity to review the claims involves two inquiries: (1) whether the petitioner exhausted all available state remedies (the doctrine of "exhaustion"); and (2) whether the petitioner raised all of his claims throughout the course of the state proceedings (the doctrine of "procedural default"). *See Farrell,* 939 F.2d at 410 (*citing Henderson*

*v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988), *cert. denied,* 490 U.S. 1009, 109 S.Ct. 1648, 104 L.Ed.2d 163 (1989)).

### III.

■ A habeas corpus petitioner under 28 U.S.C. § 2254(b) is obligated to exhaust state remedies before a federal court will review his claims. A habeas corpus petitioner has exhausted his claims when (1) they have been presented to the highest state court for a ruling on the merits, *see Gramley,* 915 F.2d at 1132, or (2) when state remedies no longer remain available to the petitioner at the time the petition is filed, *see Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982).

■ With respect to Mr. Keith's claim that his plea was involuntarily and not knowingly made, he has exhausted his state remedies through both circumstances. Mr. Keith eventually presented this claim to the highest state court for a ruling on the merits, although that court—the supreme court of Wisconsin—denied review. Also, as a practical matter, state remedies are no longer available to him in connection with this claim because the time in which to file a direct appeal or an appeal from his original post-conviction motion has expired. *See* Wis.Stat. § 808.04 (1990) (an appeal to the court of appeals must be initiated within 45 days from entry of judgment or order appealed from).

With the exception of Mr. Keith's assertion that he was denied the effective assistance of post-conviction counsel, Mr. Keith has exhausted his state remedies in connection with his remaining claims, because each of these four claims has been presented to the highest state court for a ruling on the merits.

■ Insofar as Mr. Keith claims that he was denied the effective assistance of post-conviction counsel, this claim is not a cognizable habeas corpus claim under § 2254(b) because there is no constitutional right to counsel in a collateral attack upon a criminal conviction. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993,

95 L.Ed.2d 539 (1987) (the sixth amendment right to appointed counsel extends to the first appeal of right and no further). Therefore, Mr. Keith could not have been unconstitutionally deprived of the effective assistance of post-conviction counsel since he was not constitutionally entitled to counsel. That is, Mr. Keith's claim that he is in custody as a result of the ineffective assistance of his post-conviction counsel is not a claim that he is in custody "in violation of the Constitution of the United States." 28 U.S.C. § 2254(a); *see also* Rule 1, Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, the court is without jurisdiction to review this claim.

### IV.

■ The court must next determine whether Mr. Keith has procedurally defaulted with regard to any of his claims. The doctrine of procedural default bars habeas corpus relief on certain claims that were not presented to state courts in accordance with state procedural rules. A procedural default may occur in two ways: (1) the petitioner forfeits the right to raise an issue on habeas review that he failed to raise on direct or post-conviction review, *Farrell,* 939 F.2d at 411; *Gramley,* 915 F.2d at 1132; *Zellers v. Duckworth,* 763 F.2d 250, 252 (7th Cir.) *cert. denied,* 474 U.S. 952, 106 S.Ct. 319, 88 L.Ed.2d 302 (1985); or (2) the petitioner is precluded from raising an issue on habeas corpus review where the state court clearly relied on a state procedural bar as an independent basis for its disposition of the case. *See Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985) ("If the state court decision indicates clearly and expressly that it is alternatively based on bona fide separate, adequate, and independent grounds, we ... will not undertake to review the decision.") (*quoting Michigan v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 3476–77, 77 L.Ed.2d 1201 (1983)).

■ Only, if a petitioner can demonstrate cause to excuse his procedural default and "actual prejudice" resulting from

his default, is the court obligated to reach the merits of the petitioner's claims. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

### A.

Mr. Keith claims that he is entitled to habeas corpus relief because his no contest plea was not made voluntarily and knowingly. Mr. Keith also claims that his plea is invalid because he was mentally incompetent before his no contest plea was made. Since these two claims are substantively the same constitutional claim, they will be treated as a single claim. Although not articulated as such, Mr. Keith's claim is essentially that his fifth amendment right to due process was violated because he was convicted on the basis of a plea that was not knowingly or voluntarily made. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

 Although the petitioner has raised the issue of the involuntariness of his no contest plea in his original post-conviction motion, he failed to appeal from the denial of that motion. This failure procedurally bars him from now asserting that claim in the present habeas corpus petition. *See Farrell*, 939 F.2d at 411; *Gramley*, 915 F.2d at 1132; *Zellers*, 763 F.2d at 252.

### B.

 Mr. Keith also claims that he is entitled to habeas corpus relief on three other grounds: (1) that he was denied the effective assistance of trial counsel; (2) that the state committed prosecutorial misconduct; and (3) that the trial court abused its discretion. As a preliminary matter, a review of the record discloses that the substance of Mr. Keith's present claim that "the trial court abused its discretion" was raised, at the state level, as a claim that "newly discovered evidence supports his innocence." Also, the substance of his present claim of "prosecutorial misconduct" was previously urged by him, at the state level, when he claimed that the state violated the plea agreement and that "newly discovered evidence supports his innocence." Notwithstanding that Mr. Keith, in his present

petition for habeas corpus, has altered the "labels" or "titles" of some of the claims that he had previously asserted at the state post-conviction level, the present claims will be treated as the substantive equivalent of those asserted at the state court level.

The record reveals that Mr. Keith failed to raise the issues of ineffective assistance of trial counsel, prosecutorial misconduct, and abuse of discretion on direct appeal or in his original post-conviction motion. However, he did raise these claims in a subsequent post-conviction motion. Both the state trial court and the Wisconsin court of appeals determined that Mr. Keith's failure to raise these claims in his original post-conviction motion prohibited him from raising them in a successive post-conviction motion under Wis.Stat. § 974.-06(4). Consequently, the trial court and the Wisconsin court of appeals declined to address these claims. Thereafter, the Wisconsin supreme court denied review.

The Wisconsin court of appeals discloses that the court clearly and expressly relied on a state procedural rule in declining to reach the merits of Mr. Keith's claims. Specifically, the Wisconsin court of appeals stated:

> As to the three remaining grounds for relief, [the ineffective assistance of counsel claim, the breach of the plea agreement claim and the newly discovered evidence claim] sec. 974.06(4), forbids the filing of more than one sec. 974.06 motion "unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion." Keith failed to offer any reasons why he did not raise the issues in his earlier motion. As a result, we do not reach the merits of his claim on those issues.

Keith v. State, Case No. 90–0293–CR (Wis. Ct.App. dated December 13, 1990).

Accordingly, Mr. Keith is procedurally barred from raising the effective assistance of trial counsel, prosecutorial misconduct and abuse of discretion claims because the decision of court of appeals of Wisconsin

rests on an independent and adequate state procedural ground.

## C.

 If Mr. Keith can demonstrate "cause" for his procedural default and "actual prejudice" resulting therefrom, he is entitled to have this court review his claims. *See Wainwright*, 433 U.S. at 87, 97 S.Ct. at 2506. Mr. Keith's petition does not directly address the cause and prejudice test; instead it attributes his procedural defaults (failure to appeal from the denial of his original post-conviction motion and failure to raise all issues in an original post-conviction motion) to the ineffective assistance of his post-conviction counsel. In order to establish "cause" for default, a habeas corpus petitioner may attempt to demonstrate that his counsel's performance was so inadequate that it amounted to a deprivation of his sixth amendment right to counsel. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1985). However, in order for the petitioner to rely on the ineffective assistance of counsel ground to establish "cause," he must demonstrate that he had a right to counsel in the first place. *See Morrison v. Duckworth*, 898 F.2d 1298, 1300–01 (7th Cir.1990).

 Here, Mr. Keith had no constitutional right to counsel when waging his collateral attack on his conviction. *See Finley*, 481 U.S. at 555, 107 S.Ct. at 1993. Accordingly, he cannot rely on the ineffective assistance of counsel during his post-conviction proceedings as a ground for establishing cause. A review of the record does not disclose that any "objective factor" external to the post-conviction proceedings "impeded counsel's efforts to comply with the state's procedural rule." *See Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645.

Mr. Keith has not demonstrated "cause" for his procedural defaults during the state post-conviction proceedings. Because he has not made the requisite showing of "cause" for his procedural default, the court need not reach the "actual prejudice" prong of the cause-and-prejudice exception to the procedural default rule. The court is convinced that Mr. Keith's petition fails to demonstrate that this court should review the merits of his constitutional claims. Mr. Keith's petition for a writ of habeas corpus will be dismissed.

Insofar as Mr. Keith seeks summary judgment in connection with his claims, the court's dismissal of Mr. Keith's petition for a writ of habeas corpus requires that his motion for summary judgment be dismissed as moot.

 As to Mr. Keith's request for release pending finalization of the litigation of this case, the denial of his petition for a writ of habeas corpus also renders this application moot. Further, Mr. Keith also requests that he be allowed to clarify the traverse record. The court is convinced that its decision to deny his petition for a writ of habeas corpus is not altered by the "clarifications" provided in that motion. In fact, the information proposed in this motion does anything but clarify the record. Consequently, this motion will also be dismissed as moot.

Therefore, IT IS ORDERED that Mr. Keith's petition for a writ of habeas corpus be and hereby is dismissed.

IT IS ALSO ORDERED that Mr. Keith's motion for summary judgment be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that Mr. Keith's motion for release pending finalization of the litigation of this case be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that Mr. Keith's motion to clarify the traverse record be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that the clerk of court be and hereby is directed to enter judgment dismissing the action, with prejudice.