12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William VON FLOWERS, Petitioner/Appellant,
v.
Eurial JORDAN, Administrator, Division of Probation and
Parole, Respondent/Appellee.
 No. 93-2345.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.*
Decided Nov. 29, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Jan. 28, 1994.
 
 Before BAUER and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 William Von Flowers appeals from the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Von Flowers alleges that he was denied his Sixth Amendment right to counsel because his attorney failed to appear when the jury verdict was returned and, consequently, the jury was not polled. We review the district court's denial of the writ de novo. Lily v. Gilmore, 988 F.2d 783, 784 (7th Cir.), cert. denied, 62 U.S.L.W. 3247 (U.S. Oct. 4, 1993). We agree with the district court that Von Flowers has failed to establish prejudice to avoid his procedural default. In United States v. Morrison, 946 F.2d 484, 502 (7th Cir.1991), we reserved the question of whether the return of the verdict is a "critical stage" of the trial, and found any error harmless. In this case, we similarly need not decide whether counsel's absence during the return of the jury verdict violates the Sixth Amendment because we agree with the district court that any error is harmless.
 
 
 2
 We have held that the right to poll the jury, although not constitutional, is a substantial right, and the parties must be afforded a reasonable opportunity to request a poll. United States v. Randle, 966 F.2d 1209, 1214 (7th Cir.1992) (direct appeal). See also United States v. Shepherd, 576 F.2d 719, 724 (7th Cir.1978), cert. denied, 439 U.S. 852. Because the counsel in Randle was denied such an opportunity, we remanded the case for a new trial. There was no indication that the error was harmless.
 
 
 3
 Accordingly, we AFFIRM for the reasons stated in the attached order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF WISCONSIN
 
 4
 William Von Flowers, Plaintiff,
 
 
 5
 v
 
 
 6
 Eurial Jordan, Administrator, Division of Probation and
 
 
 7
 Parole, Defendant.
 
 
 8
 Civil Action No. 92-C-612.
 
 
 9
 May 19, 1993.
 
 ORDER
 
 10
 This is a habeas case in which William Von Flowers challenges his May 25, 1989, Wisconsin state court conviction for second degree sexual assault. Last summer, I dismissed this petition pursuant to rule 4 governing section 2254 cases because Mr. Flowers had not exhausted his state remedies. It appeared that the postconviction motions that he had filed under Wisconsin Statute Sec. 974.06 remained pending. Shortly afterward, however, Mr. Flowers filed a motion for reconsideration in light of an order he had since received, which denied his section 974.06 motion. I reopened the case and ordered the state to respond.
 
 
 11
 Mr. Flowers alleges only one ground for relief. He contends that he was denied his sixth amendment right to counsel because, when the jury verdict was returned, he was brought before the court without his attorney present and, after reading the verdict, the judge did not individually poll the members of the jury. The habeas petition is now fully briefed and ready for resolution.
 
 
 12
 In addition to the petition and supporting briefs, Mr. Flowers filed several motions last autumn: a "motion for this court to take jurisdiction of the state's unconstitutional conviction ...," a "motion for a statement from the Honorable Terence T. Evans ...," a motion for appointment of counsel, a motion for default judgment, and a "motion to bar state from retrial on counts one and two of their complaint." Then, on December 28, 1992, he filed a "motion to omit excess documents," in effect asking to withdraw all filings except those directly pertaining to the writ--the application and memorandum in support, related affidavits and appendix, the reply brief, and his motion for reconsideration of my July 9, 1992, order (which I granted). To clear up the record, these motions are no longer alive.
 
 
 13
 Mr. Flowers has filed three more motions since briefing on the petition became complete and since he withdrew the documents noted above. The first is a motion to substitute a new brief for the reply brief that he had originally filed. That motion is GRANTED, and in making my decision I will consider the latter reply brief rather than the previous one. Mr. Flowers then filed a motion to supplement his briefs to more fully distinguish his case from one cited by the state. Finally, just recently, Mr. Flowers filed a motion to supplement his briefing of the harmless error rule. As these are rather short supplements and Mr. Flowers is proceeding pro se, I will GRANT these two motions and add the supplemental briefs to the record.
 
 
 14
 Mr. Flowers was convicted by a jury in Milwaukee County circuit court of two counts of second degree sexual assault. On July 10, 1989, Judge Robert W. Landry sentenced him to 5 years in prison on one count and 5 stayed years incarceration on the second count, with 5 years probation substituted instead. He has completed the prison time for count one, but has yet to serve the probation portion of the sentence, as he is presently incarcerated for another crime.
 
 
 15
 The post-trial history of this case is somewhat extensive, but a brief review of it is necessary for the discussion that follows. Mr. Flowers appealed his conviction to the Wisconsin Court of Appeals, which affirmed on October 2, 1990. The appeal did not include the sixth amendment issue of the absence of counsel at the reading of the verdict. On January 10, 1991, the Wisconsin Supreme Court denied Mr. Flowers's petition for review. Meanwhile, on September 25, 1990, Mr. Flowers filed a document entitled "Motion for Sentence Modification and Alteration." In it, he claimed that his convictions violated the double jeopardy clause. Again, the sixth amendment deprivation issue was not raised. The state trial court denied the motion on February 28, 1991, apparently not treating it as a section 974.06 postconviction motion.
 
 
 16
 Then, between January and March 1991, Mr. Flowers filed three more motions: a " 'Notice' Motion Pursuant to Sec. 809.01 'Writ of Error' ...," a "Writ of Habeas Corpus '974.06'," and a "Motion for Postconviction Relief # 974.06...." It is in these and related documents that Mr. Flowers finally claimed that he had been denied his sixth amendment right to counsel because his attorney was not present when the jury returned its verdicts. The trial court construed all these documents as a section 974.06 motion, which was denied on July 25, 1991, without discussion of the merits of the sixth amendment issue. Mr. Flowers did not appeal that decision, and presently contends that he was never notified of it.
 
 
 17
 Mr. Flowers thereafter filed a federal habeas petition in this district concerning the sixth amendment issue. Because Mr. Flowers had not demonstrated that he had exhausted the section 974.06 procedure, that petition was denied without prejudice. Flowers v. McCaughtry, No. 91-C-232 (E.D.Wis. Nov. 21, 1991) (Stadtmueller, J.). Following dismissal in federal court, Mr. Flowers filed another 974.06 motion in state court on December 2, 1991. On July 14, 1992, the trial court denied it because the previous motion had been considered and rejected. The July 14 order triggered the reopening of this case.[1]
 
 
 18
 A federal court may only address the merits of constitutional claims brought in a petition for habeas corpus relief when the state courts have had a full and fair opportunity to address them. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 387 (1991). Determining whether the state courts have had such an opportunity involves two inquiries: (1) whether the petitioner exhausted all available state remedies, and (2) whether the petitioner raised all of his claims throughout the course of the state proceedings (the doctrine of "procedural default"). Id. It is now undisputed that Mr. Flowers has exhausted his state remedies. Yet, as the state correctly points out, a procedural default barrier remains. Mr. Flowers procedurally defaulted on the sixth amendment claim by not appealing the July 25, 1991, decision of the section 974.06 motion. The state contends that the default is fatal to the petition. For the reasons below, I agree.
 
 
 19
 After a denial of a motion for relief under section 974.06, to have the order reviewed, an incarcerated defendant must file a notice of appeal within 120 days of the entry of the order. Wis.Stat. Secs. 808.04, 809.10, 809.30(2)(L). When a petitioner fails to perfect the appeal of the denied postconviction motion within the statutory time limit pursuant to state law, he is in procedural default. See Buelow v. Dickey, 847 F.2d 420, 425 (7th Cir.1988), cert. denied sub nom. Buelow v. Bablitch, 489 U.S. 1032 (1989); Keith v. McCaughtry, 775 F.Supp. 290, 294-95 (E.D.Wis.1991). When a petitioner has procedurally defaulted, he may only obtain review in federal court if he can demonstrate both cause for his noncompliance with the state procedure and prejudice resulting from the default. Id.
 
 
 20
 Mr. Flowers may meet the cause standard. Interpreting his filings liberally via Haines v. Kerner, 404 U.S. 519, 520-521 (1972), and taking into account his arguments from his motion for reconsideration, Mr. Flowers argues that he never received notice that his first 974.06 motion had been decided. If true, and if fault for the failure to be notified is attributable to the state rather than to Mr. Flowers, I might deem this enough cause to let the federal habeas petition proceed.
 
 
 21
 But, because Mr. Flowers cannot show prejudice arising from the default, this petition must be dismissed. Mr. Flowers has not attempted to establish prejudice. He cannot, in any event, because his chances of winning on the merits are nonexistent. Mr. Flowers argues his petition under State v. Behnke, 155 Wis.2d 796 (1990), in which the Wisconsin Supreme Court found as a matter of the law that the absence of an attorney at the return of a verdict combined with a failure to poll the jury is cause for automatic reversal. The Seventh Circuit disagrees, however, and I am bound by its determination instead. Federal courts do not owe any deference to the legal decisions of state courts on federal constitutional issues. See Sumner v. Mata, 449 U.S. 539, 543-44 (1981).
 
 
 22
 In Siverson v. O'Leary, 764 F.2d 1208 (7th Cir.1985), the Seventh Circuit determined that a sixth amendment violation based on the unwaived absence of counsel at the return of a criminal verdict is subject to the standard of Chapman v. California, 386 U.S. 18 (1967): whether the error was harmless beyond a reasonable doubt, with the burden of proof on the state. A comparison with the facts of Siverson, where the absence of counsel was found harmless, shows that the facts of Mr. Flowers's case are far less egregious and, therefore, harmless beyond a reasonable doubt as well.[2]
 
 
 23
 Siverson was a habeas case arising out of Illinois. At the end of the underlying criminal case, Siverson's attorney left the courtroom and was absent throughout the jury deliberations and at the return of the verdicts. Siverson had not waived his counsel's presence. The jury began deliberating at about 5:40 p.m. Around 9 p.m.,[3] the jury asked to have the testimony of two prosecution witnesses read to them. The judge consulted with the prosecution in person and with defense counsel by telephone before allowing the requested testimony to be read. After the jury again retired, however, the judge twice conferred on the record with the prosecution and the defendant himself about how much longer the jury should be allowed to deliberate that evening. During the second conference, which occurred at about 11 p.m., one of the prosecutors intervened to state that Siverson should be made aware of his right to request a mistrial, presumably because the length of the jury deliberations possibly indicated a deadlock. Shortly afterward the jury found Siverson guilty of three counts of the indictment, but acquitted him on five counts. The judge asked if anyone wished to have the jury polled. The prosecution stated that it did not, while the defendant stated that he did not understand. After a brief explanation and a discussion between Siverson and his mother, the defendant answered in the negative and the jury was not polled.
 
 
 24
 At the evidentiary hearing on Siverson's federal habeas petition, Siverson and his mother testified to the above events and stated that Siverson had only a third grade education at the time of trial, that he never understood the question concerning polling the jury, and that as the jury returned the verdicts at about 11:30 p.m. or so, two women jurors were crying or had tears in their eyes and another woman juror was shaking her head.
 
 
 25
 Here, on the other hand, Mr. Flowers was charged with four counts of second degree sexual assault of a 13-year-old girl. The first two charges (mouth to vagina intercourse and penis to vagina intercourse) related to contact on January 27, 1989. The third and fourth charges (again mouth to vagina intercourse and penis to vagina intercourse) related to alleged contact on February 2, 1989. The jury retired to deliberate on May 24, 1989, shortly after 4 p.m. Judge Landry informed the parties that if the jury reached a verdict after 5:00, the verdict would be accepted the following morning. The jury had no questions and reached its verdict at about 5:30.
 
 
 26
 The next morning, when the case was called, Mr. Flowers's attorney did not appear. The jury returned guilty verdicts on counts 1 and 2, covering the assaults on January 27, 1989, and not guilty verdicts on counts 3 and 4, concerning the alleged assaults on February 2, 1989. The jury was not polled, nor did the judge even ask the parties whether they desired to have the jury polled. After a short recess the court reconvened, by which time Mr. Flowers's attorney had arrived.
 
 
 27
 Unlike the Siverson case, there is no indication whatsoever that the jury in Mr. Flowers's case was struggling with the verdict or was coerced into reaching it. In Mr. Flowers's case, deliberations took only 1 1/2 hours. The jury had no questions and was not deliberating into the late hours of the night. Although in both Siverson and this case there were split verdicts, which could indicate juror compromise, neither split verdict was contradictory or irreconcilable. In Siverson, the jury convicted the defendant of the three counts that did not require the state to prove that he had used a weapon, and acquitted him on the five counts that did require such proof. Here, the jury convicted Mr. Flowers of the January 27 assaults, which were substantiated by testimony of three witnesses, but acquitted him of the alleged February 2 assaults, which, unlike the prior incidents, the victim did not immediately report to her mother or brother. Unlike Siverson, there is no indication that the jury at Mr. Flowers's trial was uncomfortable with the verdict during its reading. In Mr. Flowers's case, there appears simply nothing irregular that might have been uncovered by a jury poll.
 
 
 28
 The judge's failure to initiate a polling of the jury when defense counsel was not present, particularly in a split verdict case, is troubling. See Siverson, 764 F.2d at 1219. But, this comparison with Siverson, combined with the purely speculative assertions that, first, if Mr. Flowers's attorney had been present he would have requested a polling of the jury, and second, that polling might have uncovered a juror who actually disagreed with the verdict, nevertheless leads to the conclusion that the absence of counsel and the failure to poll the jury were harmless beyond a reasonable doubt.
 
 
 29
 Accordingly, IT IS ORDERED that the petition for writ of habeas corpus is DENIED.
 
 
 30
 SO ORDERED.
 
 BY THE COURT:
 
 31
 /s/ Terence T. Evans
 
 Terence T. Evans
 
 32
 Chief Judge.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Von Flowers has filed such a statement. Upon consideration of that statement, we have concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 Sometime in July 1992, after I dismissed this case, Mr. Flowers also filed a third section 974.06 motion in the state trial court. In a decision dated July 31, 1992, the court denied the motion, again noting that a section 974.06 motion had previously been raised and rejected
 
 
 [2]
 Due to the Supreme Court's recent decision in Brecht v. Abrahamson, --- U.S. ----, 113 S.Ct. 1710, 1993 U.S. LEXIS 2981 (1993), the Chapman standard has been exchanged for that of Kotteakos v. United States, 328 U.S. 750, 776: whether an unconstitutional trial error "had substantial and injurious effect or influence in determining the jury's verdict." This new standard is far more onerous for habeas petitioners. Further briefing concerning whether or how the new standard applies to this case is unnecessary, however, because Mr. Flowers's petition fails even under the more favorable Chapman standard
 
 
 [3]
 The jury had not been deliberating the entire time. At least part of the intervening time was taken up by dinner outside the jury room, with the warning not to deliberate while outside