**Charles FARRELL,**
**Petitioner–Appellant,**

v.

**Michael P. LANE, Director of Illinois**
**Department of Corrections, et al.,**
**Respondents–Appellees.**

No. 90–2409.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 23, 1991.

Decided Aug. 1, 1991.

Chris Averkiou (argued), Chicago, Ill., for petitioner-appellant.

Thomas L. Ciecko, Deputy Atty. Gen. (argued), Steven J. Zick, Office of Atty. Gen., Crim. Appeals Div., Chicago, Ill., for

respondents-appellees Michael P. Lane and Stephen L. McEvers, Warden.

Before WOOD, Jr., CUDAHY, and FLAUM, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

In 1982, Charles Farrell and a co-defendant were tried before a Cook County jury and found guilty of murder and armed robbery. The trial court sentenced Farrell to thirty years' imprisonment. Farrell appeals from the district court's denial of his petition for writ of habeas corpus. We affirm.

### I.

Farrell appealed his conviction to the Appellate Court of Illinois, raising two issues: (1) that prosecutorial misconduct had deprived him of a fair trial; and (2) that he was not proved guilty beyond a reasonable doubt. The appellate court affirmed Farrell's convictions in an unpublished order. *People v. Dean,* 126 Ill.App.3d 1153, 90 Ill.Dec. 879, 483 N.E.2d 26 (1st Dist.1984). Farrell did not seek leave to appeal the decision to the Supreme Court of Illinois. Farrell then filed a pro se petition for post-conviction relief in Cook County Circuit Court under Ill.Rev.Stat. ch. 38, para. 122–1. The post-conviction petition raises, *inter alia,* the ineffective assistance of trial and appellate counsel. Farrell's petition for post-conviction relief was denied and he did not appeal that decision.

Farrell next filed a petition for writ of habeas corpus which is the subject of this appeal. Farrell asserted seven constitutional claims: (1) ineffective assistance of counsel; (2) racially discriminatory exercise of peremptory challenges by prosecution; (3) unduly suggestive in-court identification of Farrell; (4) failure to have alibi witnesses testify at trial; (5) denial of speedy trial; (6) prosecution's failure to disclose exculpatory evidence; and (7) denial of "fifth amendment right to grand jury indictment." The district court found that none of Farrell's claims had been raised on direct appeal and therefore they could not be raised through a habeas corpus proceeding. Citing *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the district court dismissed Farrell's petition and denied the writ. *Picard* involved the refusal to grant habeas relief to a petitioner who failed to exhaust his state remedies. *Id.* at 278, 92 S.Ct. at 513. Although it is not expressly set forth in the memorandum opinion and order, the district court apparently concluded that Farrell had failed to exhaust his state remedies.

### II.

A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief unless the state courts have had a full and fair opportunity to review them. *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1131–32 (7th Cir.1990). In *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988), *cert. denied,* 490 U.S. 1009, 109 S.Ct. 1648, 104 L.Ed.2d 163 (1989), we held that:

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries—whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is "no," the petition is barred either for failure to exhaust state remedies or for a procedural default.

A federal habeas petitioner is required under 28 U.S.C. § 2254(b) to exhaust state remedies before a federal court will consider his claims. This rule reflects the policy of providing the state courts a full and fair opportunity to review the petitioner's claims through its own judicial processes before asserting federal review. 3 W. LaFave & J. Israel, Criminal Procedure, § 27.7(a) (1984). Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, *Gramley,* 915 F.2d at 1132, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed, *Engle v. Isaac,* 456 U.S. 107, 125–26

n. 28, 102 S.Ct. 1558, 1570–71 n. 28, 71 L.Ed.2d 783 (1982). Farrell has exhausted his state remedies through the latter circumstance.

■ We must next examine whether Farrell has waived the right to have his constitutional claims reviewed through federal habeas proceedings. Farrell forfeits the right to raise an issue he failed to raise in direct or post-conviction review. *Gramley*, 915 F.2d at 1132; *Zellers v. Duckworth*, 763 F.2d 250, 252 (7th Cir.), *cert. denied*, 474 U.S. 952, 106 S.Ct. 319, 88 L.Ed.2d 302 (1985). Although he did raise the issue of ineffective assistance of counsel in his post-conviction petition for relief, Farrell has nonetheless waived that claim for purposes of habeas review by failing to appeal the denial of his post-conviction petition. *Morrison v. Duckworth*, 898 F.2d 1298, 1300 (7th Cir.1990). All of the other claims now asserted by Farrell in his petition for writ of habeas corpus were not raised in any proceeding in the Illinois courts and by reason of that default are therefore waived.

■ A federal habeas petitioner may raise a federal claim which has been procedurally defaulted if he can demonstrate adequate *cause* to excuse his failure to raise the claim in state court and actual *prejudice* resulting from the default. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). *See also Gramley*, 915 F.2d at 1132; *Morrison*, 898 F.2d at 1300. Although ineffective assistance of counsel, if proven, may be considered cause for a procedural de-

fault, *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), Farrell has failed to show cause for waiving this issue during the state proceedings.

Farrell failed to raise the claim of ineffective assistance of his trial counsel on direct appeal to the Illinois Appellate Court. This court recognizes that, under Illinois rules, "a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief ... [unless] the basis for the claim does not appear in the record." *United States ex rel. Devine v. DeRobertis*, 754 F.2d 764, 766 (7th Cir.1985). However, the deficiencies Farrell now attempts to attribute to his trial counsel—multiple representation creating a conflict of interest[1] and failure to call certain witnesses known at the time of trial—are based on information contained in the record. Farrell has therefore waived his claim of ineffective assistance of trial counsel.

Farrell also attempts to raise, for purposes of federal habeas review, the ineffectiveness of his appellate counsel during direct review by the Illinois Appellate Court. Farrell alleged ineffective assistance of appellate counsel in his Illinois post-conviction petition which was filed pro se, but he failed to appeal the denial of his post-conviction petition for relief and he is therefore barred from habeas review of his claim of ineffective assistance of appellate counsel. *Carrier*, 477 U.S. at 488–89, 106

---

1. Although Farrell did not raise the issue of conflict of interest in any other proceeding, his counsel in this appeal refers to an alleged flagrant conflict of interest resulting from trial counsel's representation of both Farrell and his co-defendant Dean. Farrell's brief states that following the motion for directed verdict on behalf of Farrell and Dean, "[Trial counsel] then proceeded to confess Farrell's guilt, and argued that the armed robbery and murder were the spontaneous acts of Farrell. Defense counsel was confessing the guilt of one defendant to gain the acquittal of the other." However, the trial transcript reveals, in contrast to the misleading characterization provided in Farrell's brief, that trial counsel did not confess Farrell's guilt.

Following the motion for directed verdict, trial counsel waived argument on behalf of Farrell (a male). He argued that based upon the testimony of the state's witness regarding a struggle between a male and the victim, the state had not met its burden of proof in linking co-defendant Dean (a female) with the armed robbery and murder. Trial counsel merely argued that under the state's scenario of the crime, "both the armed robbery and murder were spontaneous acts of the male, whoever it might have been." Even if this argument somehow implies Farrell's guilt, the argument was made outside the presence of the jury. In addition, both Farrell and Dean testified in their defense and trial counsel, in his closing argument, zealously asserted Farrell's innocence.

**412**

S.Ct. at 2645–46; *Morrison*, 898 F.2d at 1300 n. 5.

■ Farrell has not demonstrated cause for his procedural default during the state habeas proceedings and therefore he cannot, in this proceeding, advance the ineffective assistance of counsel claim as cause for the failure to present his other claims on direct appeal. We need not reach the "prejudice" prong of the cause-and-prejudice exception since Farrell has not made the requisite showing of *cause* for his procedural default. Accordingly, the dismissal of Farrell's petition for a writ of habeas corpus is

AFFIRMED.