985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth SEIDLER, Petitioner-Appellant,
v.
Kenneth MCGINNIS, Respondent-Appellee.
 No. 91-2377.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 28, 1993.*
Decided Jan. 29, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Seidler, serving a forty-year sentence in Illinois for rape, brought this petition under 28 U.S.C. § 2254 alleging that the introduction of hypnotically-induced testimony at his trial violated his confrontation and due process rights. The district court summarily dismissed the petition on grounds of procedural default under Rule 4(b) of the Rules Governing § 2254 Proceedings, see Burgin v. Broglin, 900 F.2d 990, 997 (7th Cir.1990) (district court may raise state procedural default sua sponte ); Henderson v. Thieret, 859 F.2d 492, 498 (7th Cir.1988) (same), cert. denied, 490 U.S. 1009 (1989), and this appeal followed. We affirm.
 
 
 2
 A petitioner who does not pursue a constitutional claim at trial or on direct appeal from his conviction is barred from raising that claim in a subsequent § 2254 proceeding absent a showing of cause for the procedural default and actual prejudice. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), cert. denied, 112 S.Ct. 387 (1991). The failure of the petitioner to establish both cause and prejudice requires dismissal of his habeas petition. Buelow v. Dickey, 847 F.2d 420, 425 (7th Cir.1988), cert. denied, 489 U.S. 1032 (1989).
 
 
 3
 Seidler did not raise his constitutional challenge to the post-hypnotic testimony on direct appeal, and has conceded that the legal basis for this claim was reasonably available to counsel at the time of his trial. See Reed v. Ross, 468 U.S. 1, 16 (1984). As a result, Seider is unable to demonstrate cause for his procedural default, and the claim is forfeited. The decision of the district court dismissing the petition is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record