45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Cecil L. LEWIS, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 93-3161.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1994.*
Decided Dec. 27, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Cecil Lamar Lewis appeals the district court's dismissal without prejudice of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254 for failure to exhaust state court remedies. Lewis contends that a five year delay on the part of the state trial court in setting a hearing date on his petition for post-conviction relief is ground for waiving the exhaustion requirement and reaching the merits of his petition. Because we conclude that the state court did not create a procedural impediment to Lewis' ability to proceed on his own to exhaust his available state court remedies, we affirm the district court.
 
 
 2
 In 1983, Lewis was convicted of robbery and received a sentence of sixty years, thirty years for the robbery conviction and an additional thirty years for being found a habitual offender. In 1986, the Indiana Public Defender office began to "represent" Lewis;[1] his case was passed amongst various public defenders and he was thrice put to the choice of being represented by the public defender office or receiving a copy of the state court records.[2] In April 1989, Lewis filed a state petition for post-conviction relief. Nothing in the record before us indicates that the petition is not still pending in the Lake Superior Court, Criminal Division.
 
 
 3
 We review questions of law regarding the denial of a petition for a writ of habeas corpus de novo. Verdin v. O'Leary, 972 F.2d 1467, 1481 (7th Cir.1992). A federal court may consider a petition for writ of habeas corpus under Sec. 2254 only after the petitioner has first presented her claims to a state court and exhausted her state remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). A petition must be dismissed if available state remedies have not been exhausted. Castille, 489 U.S. at 349; Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.1991), cert. denied, 112 S.Ct. 387 (1992). We may waive the exhaustion requirement only in unusual cases "where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions." Bartone v. United States, 375 U.S. 52, 54 (1963) (per curium); see also 28 U.S.C. Sec. 2254(b). An inordinate or unjustifiable delay for which the state is responsible is one such procedural obstacle allowing us to excuse the exhaustion requirement. See Lane v. Richards, 957 F.2d 363, 365 (7th Cir.), cert. denied, 113 S.Ct. 127 (1992); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1993); Dozie v. Cady, 430 F.2d 637, 638 (7th Cir.1970).
 
 
 4
 In this case, as in Lane v. Richards, the inordinate delay in hearing Lewis' state court petition for post-conviction relief is attributable to the Indiana public defender appointed to represent Lewis, not the state court. See Lane v. Richards, 957 F.2d at 365. A prisoner does not have a federal constitutional right to the assistance of counsel during post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). Since Lewis has no constitutional right to be represented by the Public Defender of Indiana and Indiana has neither barred Lewis from proceeding pro se nor created any other procedural obstacle, Lewis has failed to show that the exhaustion requirement should be waived. See Lane, 957 F.2d at 365 ("[A]s the constitution does not guarantee the aid of counsel to prosecute a collateral attack, putting a prisoner to a choice between a lawyer and a prompt hearing does not violate the Constitution.").
 
 
 5
 The district court's dismissal without prejudice of Lewis' petition for a writ of habeas corpus is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Mr. Lewis' dealings with the Indiana public defender office unfortunately resembles the plight of most public defender offices: "too many clients and not enough lawyers available." Lane v. Richards, 957 F.2d 363, 364 (7th Cir.1992), cert. denied, 113 S.Ct. 127 (1993). In 1986, Lewis was represented by deputy state public defender Pamela Beck. In March 1987, Beck told Lewis that she would be drafting a state petition for post-conviction relief. In October 1987, deputy state public defender Debra Law wrote Lewis that his case had been transferred to her upon deputy Beck's departure from the office. In April 1988, Lewis was told that it would be at least one year before deputy Law would be able to work on his case. In August 1988, Richard C. Clarke, then a legal intern, wrote Lewis to tell him that the his case had been reassigned to him. In November 1988, Lewis was told by deputy Clarke that the state public defender office only represented clients who have filed pro se petitions for post-conviction relief and advised to file a petition. Sometime before June 1991 Lewis' case must have been transferred again, as deputy state public defender Cynthia Maricle Russell entered an appearance on Lewis' behalf in regard to his state petition
 
 
 [2]
 In February 1986, the Indiana Supreme Court granted Lewis' pro se petition for a copy of his state trial court records and ordered the state public defender to turn over the records. In April 1986, the Indiana Public Defender office contacted Lewis informing him that he had the right to records or their representation, not both. Lewis then withdrew his petition for a copy of the records. This sequence of requesting the state court records and withdrawing the request was repeated in February and March 1988. A third request was made in April 1989 and withdrawn in January 1990