**UNITED STATES of America ex rel. Flynt LEE, Petitioner,**

v.

**Mary HARDY–HALL, Respondent.**

**No. 93–C–7576.**

United States District Court, N.D. Illinois, Eastern Division.

April 4, 1995.

Flynt J. Lee, Hillsboro, IL, pro se.

Steven Joseph Zick, Terence Madsen, Arleen C. Anderson, Illinois Atty. General's Office, Chicago, IL, for Mary Hardy–Hall.

Terence Madsen, Arleen C. Anderson, Illinois Atty. General's Office, Chicago, IL, for Roland Burris.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Flynt Lee, the *Pro Se* Petitioner in this case, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state conviction for armed robbery.[1] On direct appeal, Petitioner argued that the *corpus delicti* of armed robbery had not been proven and that there was insufficient evidence to convict him. The Illinois Appellate Court affirmed the armed robbery conviction and sentence. Petitioner claims that he appealed these issues to the Illinois Supreme Court.[2]

---

**1.** Petitioner was also convicted of attempted murder, attempted aggravated criminal sexual assault and aggravated battery. On direct appeal, Petitioner challenged the attempted murder conviction and the armed robbery conviction. The Appellate Court found that reversible error occurred when the trial court permitted the jury to return a verdict of attempted murder, without a finding of intent to kill, because petitioner's mental state was at issue. Accordingly, the Appellate Court reversed the attempted murder conviction and remanded for a new trial. The

armed robbery conviction is, therefore, the only relevant conviction for purposes of habeas review.

**2.** The State has not provided a record of the Petition for Leave to Appeal. Ordinarily, the absence of this document would prevent habeas review. However, for the reasons given later in this opinion, the absence of this document is not relevant to the claims raised in the habeas petition.

Petitioner then filed a post-conviction petition in the Circuit Court of Cook County, raising five issues: (1) the prosecution allowed perjured testimony by their witnesses to be presented to the jury; (2) ineffective assistance of trial counsel; (3) multiple convictions; (4) ineffective assistance of appellate counsel; and (5) sentencing error. The application for post-conviction relief was denied without a hearing. Petitioner appealed the denial, and Petitioner's post-conviction counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The *Finley* brief indicated that Petitioner's counsel found no meritorious issues warranting appeal. The Illinois Appellate Court granted the *Finley* Motion, and affirmed the Circuit Court's denial of post-conviction relief. Petitioner claims that he appealed the denial of his post-conviction claims to the Illinois Supreme Court.[3]

Petitioner now seeks a Writ of Habeas Corpus from this Court, alleging the following claims for relief: (1) denial of effective assistance of counsel and the right to appeal (apparently by virtue of his counsel's *Finley* brief) (Pet. at 10); and (2) denial of due process (Pet. at 11). Petitioner supplements these claims in an attached "Memorandum of Law," wherein he asserts, in addition to the aforementioned issues, the following claims: (1) whether the post-conviction petition should have been dismissed; and (2) whether the trial judge was biased.

■ After review of the Petition, the Court finds that Petitioner is not entitled to habeas relief. Petitioner's vaguely alleged due process claim[4] has not been preserved on either direct or post-conviction review, because this claim was not raised in those proceedings and therefore was not fairly presented to the Illinois Supreme Court for a decision on the merits. *See* 28 U.S.C. § 2254(b). *See also Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982); *Verdin v. O'Leary*, 972 F.2d 1467 (7th Cir.1992); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.1991). Accordingly, Petitioner has failed to exhaust any potential state remedies for his alleged due process claims in state court. This failure results in a procedural default for purposes of habeas review, because state law remedies are no longer available.[5] *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir.1992). Moreover, this default bars all habeas relief unless Petitioner can show cause for the default and resulting prejudice. *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986). Petitioner has failed to make this showing. Therefore, the due process ground raised in the habeas petition is dismissed with prejudice.

Petitioner's *Finley* claim is equally meritless. Although Petitioner claims that he raised this claim in his Petition for Leave to Appeal to the Illinois Supreme Court, thereby exhausting his state court remedies, Petitioner's post-conviction counsel was entitled to withdraw once the appeal seemed pointless. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 558–59, 107 S.Ct. 1990, 1993, 1994–95, 95 L.Ed.2d 539 (1987). Moreover, there is no constitutional right to post-conviction counsel. *Id.* Accordingly, Petitioner cannot challenge the representation he received as ineffective, and Petitioner's ineffective assistance claim (or any other Constitutional claim) based on the *Finley* motion is meritless. *Id.* Therefore, the Court must dismiss the claim for procedural default.

---

3. *See supra* note 2.

4. Petitioner appears to be arguing that a due process violation resulted from the filing of the *Finley* brief.

5. The Illinois Post–Conviction Hearing Act permits prisoners to bring collateral challenges within three years of the date of their conviction. 725 ILCS 5/122–1. Since Petitioner was convicted on October 4, 1989, the time for bringing the claims alleged in the habeas petition has expired.

Therefore, although Petitioner's claims are technically exhausted, because state remedies no longer exist, Petitioner has defaulted these claims because he did not fairly present these issues to the Illinois Supreme Court in a timely manner. *Resnover*, 965 F.2d at 1458. Having failed to show cause and prejudice for the default, these claims are therefore waived for purposes of habeas review. *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991).

Similarly, the issue of whether the trial judge was biased, even though not expressly raised in the habeas petition, is waived for failure to exhaust state court remedies. This claim was not expressly raised on either direct or post-conviction appeal. Therefore, the Court must dismiss the claim for procedural default.

 The issue of whether the post-conviction petition should have been dismissed is not a claim arising under a federal statute, a United States treaty, or the United States Constitution. Therefore, this Court lacks jurisdiction under 28 U.S.C. § 2254[6] to review this claim.

## CONCLUSION

For the reasons given in this Opinion, Flynt Lee's Petition for a Writ of Habeas Corpus is dismissed with prejudice. This case is terminated.

---

**6.** Section 2254 provides in relevant part:

§ 2254. **State custody; remedies in Federal court**

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.