68 F.3d 477
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Monte Carlo SMITH, Petitioner-Appellant,
v.
Salvador GODINEZ, Respondent-Appellee.
 No. 93-3914.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1995.*
Decided Oct. 12, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Monte Carlo Smith appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254. We affirm.
 
 FACTS
 
 2
 In 1987, petitioner was convicted of aggravated arson and sentenced to twenty-five years in prison by an Illinois state court. Represented by the same attorney, petitioner appealed, arguing that he was not proven guilty beyond a reasonable doubt, that the aggravated arson statute was unconstitutional, that the trial court erroneously qualified an expert, and that his sentence was excessive. The Illinois appellate court affirmed the conviction and sentence, and the Illinois Supreme Court declined review.
 
 
 3
 Petitioner then filed a pro se petition for post-conviction relief in Illinois state court alleging ineffective assistance of counsel. The trial court summarily dismissed the petition. The Illinois appellate court affirmed and held the ineffective assistance of counsel claims were waived, as there was no reason why they could not have been raised on direct appeal. Petitioner unsuccessfully sought review in the Illinois Supreme Court on the grounds the appellate court applied the wrong standard of review.
 
 
 4
 In his habeas petition, petitioner claims ineffective assistance of counsel and a violation of his due process/equal protection rights based upon the testimony of an improperly qualified expert witness.[1] The district court ruled that the expert witness claim was barred, as it was not fairly presented to the state court as a constitutional claim. The district court also held that the ineffective assistance claims were procedurally defaulted, as the Illinois appellate court clearly relied on a state procedural bar in affirming the dismissal of the post-conviction petition. The district court concluded that petitioner could not show cause for either default.
 
 ANALYSIS
 
 5
 A federal court cannot address the claims raised in a prisoner's petition for a writ of habeas corpus unless the state courts have had a full and fair opportunity to review them. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.1991), cert. denied, 502 U.S. 944 (1991). Further, the constitutional claims must be "fairly presented" to the state court as constitutional claims, including both the operative facts and controlling legal principles. Williams v. Washington, 59 F.3d 673, 677 (7th Cir.1995). A finding of procedural default in state court that is based on adequate and independent state law grounds precludes federal review of the merits of the petitioner's claims, unless the petitioner can establish cause for the procedural default and actual prejudice resulting from it. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Ineffective assistance can establish cause for such a default. Id. at 2567.
 
 
 6
 Both claims were procedurally defaulted. As to the ineffective assistance claims, the Illinois appellate court clearly relied on a state procedural bar in concluding that the claims were waived. (Illinois Appellate Opinion, Record No. 15, Attachment D at 3). See generally Farrell, 939 F.2d at 411. As to the expert witness claim, petitioner's argument to the Illinois appellate court was based entirely on state law evidentiary rules. (Petitioner's brief on direct appeal, Record No. 15, Attachment A at 19-21.) Thus, the claim is barred, as it was not fairly presented as a federal claim to the state courts.[2] To overcome the procedural defaults, petitioner must establish cause and prejudice.[3]
 
 
 7
 Petitioner claims that ineffective assistance of counsel provides the necessary cause for his default. However, petitioner cannot utilize a procedurally defaulted ineffective assistance claim to establish cause for the failure to present other claims, unless petitioner establishes cause for his failure to raise the ineffective assistance claim. See Farrell, 939 F.2d at 411-12. Petitioner has failed to do so.
 
 
 8
 As noted by the district court, there is one colorable argument that could be made in support of petitioner's position. This court has held that where trial counsel is also appellate counsel, a petitioner is not barred from raising ineffective assistance of counsel for the first time in a collateral attack. See Barnhill v. Flannigan, 42 F.3d 1074, 1077-8 (7th Cir.1994); Velarde v. United States, 972 F.2d 826, 827 (7th Cir.1992). However, even construing petitioner's pro se pleadings liberally, this argument was not presented in any form to the district court. The district court correctly concluded the argument was waived.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The petitioner abandoned a third claim regarding his right to cross-examine witnesses. Petitioner has also raised new claims in his appellate brief that were not raised in the district court. These claims are waived
 
 
 [2]
 While the state did not argue the matter, this court notes that the petitioner failed to raise this issue in any form in the post-conviction proceeding
 
 
 [3]
 The "miscarriage of justice" exception was not raised below, and the record reveals no basis for such a claim. The miscarriage of justice exception does not apply if the alleged constitutional violation only resulted in the admission of truthful inculpatory evidence which did not affect the reliability of the verdict. Sawyer v. Whitley, 112 S.Ct. 2514, 2519 (1992). While petitioner has argued that evidence was improperly admitted, there is no basis for concluding that it was unreliable