72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Norman FLICK, Petitioner-Appellant,
v.
STATE OF INDIANA, Respondent-Appellee.
 No. 95-1528.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1995.*
Decided Dec. 15, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Norman Flick brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, challenging his conviction in Indiana state court. His primary complaint centers on the validity of the predicate offenses relied upon for the thirty-year sentence enhancement he received under Indiana's habitual offender statute. The district court dismissed the petition without prejudice, finding that because Flick had failed to exhaust all available state remedies, the federal habeas action was premature.
 
 
 2
 We have carefully reviewed the briefs and the record on appeal. We agree with the district court that even though Flick has pursued direct appeal of his most recent conviction all of the way to the Indiana Supreme Court, he has not demonstrated exhaustion of available state post-conviction remedies. Even if the claims he now raises were not asserted in his direct appeal, Indiana post-conviction procedures may nonetheless provide an avenue of relief. See Wallace v. Duckworth, 778 F.2d 1215, 1225 (7th Cir.1985); Moore v. Duckworth, 581 F.2d 639, 643 (7th Cir.1978), affirmed, 443 U.S. 713 (1979). He must attempt to pursue all viable collateral state remedies before he can bring this petition in federal court. Therefore, we AFFIRM for the reasons stated in Judge McKinney's Entry of December 13, 1994, attached hereto.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 3
 Norman Flick, Petitioner,
 
 
 4
 v.
 
 
 5
 State of Indiana, Respondent.
 
 Cause No. IP 94-1250-C
 
 6
 ENTRY DENYING WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF JUDGMENT
 
 
 7
 McKINNEY, Judge.
 
 
 8
 This cause is before the court on the petition of Norman Flick for a writ of habeas corpus, on the respondent's return to order to show cause, on the petitioner's traverse, on the respondent's report regarding the record to be filed and on the petitioner's reply to such report.
 
 
 9
 Whereupon the court, having read and examined such petition, return, traverse, report and reply, and being duly advised, now finds that the petitioner is not entitled to a writ of habeas corpus as prayed for in this action and that this cause of action should accordingly be dismissed without prejudice. Judgment consistent with this entry should now issue.
 
 
 10
 IT IS SO ORDERED.
 
 Date: Dec. 1, 1994
 MEMORANDUM
 Background
 
 11
 Petitioner is an inmate at a federal prison in Michigan. He was sentenced in Marion County to a 35 year sentence based on his conviction for the offenses of forgery, conspiracy to commit forgery and official misconduct and on a determination that he is an habitual offender. The federal sentence interrupted service of the state sentence.
 
 
 12
 The habitual determination, as dictated by Indiana statute, was based on the State showing that Flick had been convicted of and sentenced for two or more unrelated "predicate" felonies in the past. One of these predicate felonies was his conviction in 1956 (also in Marion County) for receiving stolen goods; a second predicate felony was his 1960 conviction in Marion County for grand larceny.
 
 
 13
 Flick claims, in this action, that he was sentenced for the non-existent "crime" of being an habitual offender and that the predicate felony convictions were constitutionally infirm. The respondent has appeared by counsel and seeks dismissal of this action on the basis of Flick's failure to exhaust available state remedies. Flick vigorously resists this argument by the State of Indiana.
 
 Discussion
 
 14
 In the exercise of its habeas jurisdiction a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." 28 U.S.C. Sec. 2254(a). See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).
 
 
 15
 Indiana's habitual offender statute does not create a separate offense or require consideration of the underlying facts on the substantive charge. Denton v. Duckworth, 873 F.2d 144 (7th Cir.1989). The sentences for the predicate offenses challenged here have been fully served. Where the sentence imposed for a prior conviction has been fully served, an offender's right to challenge the validity of such a conviction is limited. In fact, it extends only to situations in which service of the offender's present sentence is delayed or lengthened because of the prior conviction. Crank v. Duckworth, 905 F.2d 1090 (7th Cir.1990), cert. denied 111 S.Ct. 712 (1991). Otherwise, the petitioner cannot satisfy the "in custody" requirement of the federal habeas corpus statute and a federal court has no jurisdiction to adjudicate the validity of that prior conviction. Maleng v. Cook, 109 S.Ct. 1923 (1989); United States v. Bush, 888 F.2d 1145 (7th Cir.1989) ("a person serving sentence B, which the judge enhanced because of conviction A, is not 'in custody' on A after its term expires").
 
 
 16
 Before a district court may consider a habeas corpus petition on its merits it must determine that each claim has been "exhausted" in the state courts. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.1991), cert. denied, 112 S.Ct. 387 (1991). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims, or when state remedies no longer remain available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n. 28 (1982); Farrell, 939 F.2d at 410.
 
 
 17
 Applying these principles here, Flick has not run the entire course in the state courts. He appealed the 1982 conviction but under Indiana law could not attack the predicate felonies in any substantive manner. It is well-established that "[i]n Indiana the general rule is that the alleged invalidity of predicate felony convictions may not be challenged during habitual offender proceedings when the prior final judgments are regular on their face." Edwards v. State, 479 N.E.2d 541, 547 (Ind.1985). Rather, "[t]he proper procedure to challenge this type of predicate conviction is for the accused to set aside the predicate conviction in a direct attack through appeal or post-conviction relief in the court of conviction." That is precisely what Flick has avoided. The respondent has documented without contradiction from the petitioner that there have been no post-conviction action challenges filed to the predicate offenses themselves. If there is a meaningful avenue under Indiana law whereby he may do so, this is a failure to exhaust.
 
 
 18
 Indiana post-conviction rules permit a collateral challenge to a conviction based on a claim that it was entered in violation of the Constitution of the United States. Flick will face an uphill battle in seeking relief at this late date, but it is a battle he must wage before seeking to expend his armaments in a federal forum. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1720 (1992).
 
 Conclusion
 
 19
 There is little question that Flick was entitled to be sentenced in the 1982 case on the basis of constitutionally reliable information and that infirm prior convictions fall outside this broad range. United States v. Tucker, 404 U.S. 443, 447 (1972). It is equally true that before Flick can challenge his present sentence in federal court via 28 U.S.C. Sec. 2254(a) he must have given the Indiana courts a full and fair opportunity to adjudicate the constitutional basis of his claims. Picard v. Connor, 404 U.S. 270, 275 (1971). This he has not done. It makes no difference that the Supreme Court of Indiana did not address the appeal of the 1982 conviction in precisely the expanded manner Flick requested because his attack on the predicate offenses would not have been entertained as part of that appeal. Edwards.
 
 
 20
 "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1720 (1992). The exhaustion requirement, while not jurisdictional, serves important interests of federal-state comity and must be respected in this situation.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record