**Darrick Arnold ALEXANDER, Petitioner,**

v.

**Kenneth MORGAN, Warden, Respondent.**

No. 95–C–899.

United States District Court,
E.D. Wisconsin.

Jan. 16, 1996.

Darrick A. Alexander, Sturtevant, WI, pro se.

Gregory M. Posner–Weber, Assistant Attorney General, Madison, WI, for Respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On August 29, 1995, Darrick Alexander filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2242 and 2254. By decision and order of September 11, 1995, the court ordered the respondent to answer the petition. *See* Rule 4, Rules Governing Section 2254 Cases. On November 8, 1995, the respondent filed an answer to the petition in which he alleged, among other things, that Mr. Alexander procedurally defaulted on all of the claims raised in the instant habeas corpus petition. *See* Rule 5, Rules Governing Section 2254 Cases. Mr. Alexander then filed a response to the answer addressing the issue of procedural default raised therein.

In this habeas corpus petition, Mr. Alexander presents three grounds for relief: (1) that the trial judge directed a finding of guilt by instructing the jury that they "must not find the defendant not guilty"; (2) that his trial counsel rendered ineffective assistance by referring to him as "the attacker" notwithstanding the fact that the petitioner's sole defense was that he had acted in self-defense; and (3) that his trial counsel rendered ineffective assistance by failing to object to an inaccurate jury instruction concerning the lesser included offense of manslaughter.

A federal court may only address the merits of constitutional claims brought in a petition for habeas corpus relief when the state courts have had a full and fair opportunity to address them. *Farrell v. Lane*, 939 F.2d 409 (7th Cir.), *cert. denied*, 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991); *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir.1990). Determining whether the state courts have had a full and fair opportunity to review the claims involves two inquiries: (1) whether the petitioner exhausted all available state remedies (the doctrine of exhaustion); and (2) whether the petitioner raised all of his claims throughout the course of the state proceedings (the doctrine of "procedural default"). *See Farrell*, 939 F.2d at 410 (citing *Henderson v. Thieret*, 859 F.2d 492, 496 (7th

Cir.1988), *cert. denied*, 490 U.S. 1009, 109 S.Ct. 1648, 104 L.Ed.2d 163 (1989)).

The state concedes that Mr. Alexander has exhausted his state court remedies in connection with all of his claims. However, the state argues that Mr. Alexander has forfeited these claims by procedurally defaulting in state court.

■■■ The doctrine of procedural default bars habeas corpus relief on claims that were not presented to state courts in accordance with state procedural rules. A procedural default may occur in two ways: (1) the petitioner forfeits the right to raise an issue on habeas review that he failed to raise on direct or post-conviction review, *Farrell*, 939 F.2d at 410; *Gramley*, 915 F.2d at 1132; and (2) the petitioner is precluded from raising an issue on habeas corpus review where the state court clearly relies on a state procedural rule as an independent basis for its disposition of the case, *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred...").

■■■ The record reveals that Mr. Alexander forfeited his federal habeas corpus claims under the second scenario. It is undisputed that Mr. Alexander challenged his state conviction by filing a direct appeal and two separate post-conviction motions under Wis. Stats. § 974.06. It is also uncontested that Mr. Alexander did not advance any of the three instant constitutional claims in his direct appeal. Instead, it appears that such claims were raised for the first time in his second motion for post-conviction relief under Wis.Stats. § 974.06. (Answer to Petition, Ex. E at 2.)

After the second post-conviction motion was denied by the trial court, Mr. Alexander sought review by the court of appeals of Wisconsin. (Answer to Petition, Ex. C.) The state appellate court rejected his motion on the ground that all three of his claims were procedurally barred under Wis.Stats. § 974.06(4) and *State v. Escalona-Naranjo*,

185 Wis.2d 168, 185–86, 517 N.W.2d 157 (1994). In *Escalona*, the supreme court of Wisconsin held that a motion for post-conviction relief under Wis.Stats. § 974.06 cannot be used to raise issues that could have been raised on an earlier direct appeal *or* post-conviction motion for a new trial under Wis. Stats. § 974.02 unless the defendant establishes that a sufficient reason exists for his failure to raise the issues in an earlier appeal or post-conviction motion. *Escalona-Naranjo*, 185 Wis.2d at 181–82, 517 N.W.2d 157.

The court of appeals of Wisconsin concluded that Mr. Alexander could have raised the constitutional issues of which he presently complains in his direct appeal. (Answer to Petition, Ex. E. at 2.) Because he failed to do so, the Wisconsin court of appeals held that he was procedurally barred from raising them in a post-conviction motion under Wis. Stats. § 974.06. (Answer to Petition, Ex. E at 2.)

I find that Mr. Alexander is procedurally barred from raising his constitutional claims in a federal habeas corpus proceeding because the decision of the court of appeals of Wisconsin disposing of such claims rests on an independent and adequate state procedural ground.

■■■ Notwithstanding his procedural default, Mr. Alexander is entitled to have this court review his claims if he can show adequate cause to excuse his procedural default *and* actual prejudice resulting from the procedural default or if he demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). To qualify for such review, the petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state procedural rule. *Coleman*, 501 U.S. at 753, 111 S.Ct. at 2566 (citing *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Objective factors that amount to cause include "'interference by officials'" which made raising the claim in an earlier petition impracticable, and a "showing that the factual or legal basis for a claim was not reason-

ably available." *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645.

 If the petitioner is not successful in showing cause and prejudice, the court can excuse his failure to comply with the state procedure if he can show that a fundamental miscarriage of justice would occur if the claim is not considered. This exception is concerned with the extraordinary instance in which a constitutional violation probably has caused the conviction of one innocent of the crime. *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. Moreover, the miscarriage of justice exception is interested in actual innocence as compared to legal innocence. *Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

 Mr. Alexander does not articulate the cause of his procedural default either in his petition or in his response to the answer. His attempt to establish prejudice is similarly ineffectual as his answer contains only a conclusory assertion that prejudice should be presumed in his case. In my opinion, Mr. Alexander has completely failed to satisfy the required test of showing adequate cause and prejudice.

Furthermore, his petition and answer to the response are devoid of any allegations or evidence that he is actually innocent of the crime of which he was convicted. In the absence of such allegations or evidence, I find that Mr. Alexander has not established that a miscarriage of justice would result if I do not consider the claims advanced in his federal habeas corpus petition.

Therefore, IT IS ORDERED that Mr. Alexander's petition for a writ of habeas corpus be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed, with prejudice.