**Michael McDADE, Petitioner,**

v.

**Sergio MOLINA, Warden of the East Moline Correctional Center, Defendants.**

No. 98–2154.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

Oct. 19, 1999.

Michael McDade, Canton, IL, pro se.

Rebecca Zavett, Office of Attorney General, Chicago, IL, for Defendants.

## ORDER

McCUSKEY, District Judge.

On July 8, 1998, Petitioner Michael McDade filed a Petition for Writ of Habeas Corpus (# 3), challenging his 1993 state-court convictions for armed violence, unlawful use of a weapon by a felon, unlawful possession of a controlled substance, and obstruction of justice. As ordered, Respondent Sergio Molina filed an Answer to the Petition (# 13) and a copy of the state-court record (# 14). For the follow-

ing reasons, this court DENIES the petition in its entirety.

## FACTS

On the night of September 11, 1993, McDade was drinking at a bar in Decatur, Illinois. When he left at about 2:00 a.m., he encountered Kenny Carson and Terry Williams. Carson handed McDade a gun, which Carson offered to sell. When McDade declined, Carson took the gun back and fired it into the air to demonstrate that it worked.

Officer Stephen Jostes was driving nearby when he heard the shot, and immediately went to investigate. When Carson saw Jostes approach, he handed the gun back to McDade, who "automatically" grabbed it. Jostes did not see this exchange, but did see McDade, Carson, and Williams run across the street.

Jostes chased the men and ordered them to lie down. Williams immediately complied, but Carson remained on his feet and McDade kept walking until he rounded a corner. Jostes followed McDade in his police car, and saw him toss a handgun onto the roof of a building before returning to where Carson and Williams had stopped.

Around this time, another officer arrived at the scene. Jostes got out of his car with his weapon drawn and ordered McDade to get down. McDade lay down about five to six feet from where Carson stood. After a struggle, the second officer brought Carson to the ground as well.

Jostes ordered McDade to take his hands out from under his body. Jostes testified that McDade complied, and that he then noticed a small plastic bag under McDade's right shoulder. According to McDade, however, the officers found this bag lying between McDade and Carson. The bag contained what was later determined to be two rocks of crack cocaine.

The jury found McDade guilty of armed violence, unlawful possession of a controlled substance, unlawful possession of a weapon by a felon, and obstructing justice. The trial court sentenced McDade to ten years imprisonment for armed violence, with shorter concurrent sentences for the other offenses. On direct appeal, McDade argued (1) that he was not proven guilty of possession of a controlled substance and armed violence beyond a reasonable doubt, (2) that the trial court abused its discretion in denying his motion for a continuance, (3) that his trial counsel was ineffective for failing to secure a witness or make a timely motion for a continuance, (4) that the trial court erred in instructing the jury that evidence of his prior conviction could be considered only for a limited purpose, and (5) that his sentence was excessive. On August 28, 1995, the Illinois Appellate Court, Fourth District, rejected McDade's contentions and affirmed his conviction and sentence. *People v. McDade*, 274 Ill. App.3d 1125, 229 Ill.Dec. 484, 691 N.E.2d 1207 (1995).

On January 23, 1996, McDade filed a petition for post-conviction relief, in which he alleged that his conviction was based on perjured testimony, and that his trial counsel was ineffective for failing to impeach Officer Jostes with a prior inconsistent statement. The trial court dismissed the petition as frivolous and patently without merit on January 29, 1996. The circuit clerk's office, however, did not file the trial court's order at that time. When the trial court discovered this oversight on June 2, 1997, it immediately ordered that its order dismissing the petition be filed as of that date so that McDade could still file a timely notice of appeal.

On appeal from the denial of his petition, McDade argued that the trial court violated state law when it dismissed his petition more than ninety days after it was filed, and that the petition presented the gist of a meritorious claim sufficient to prevent summary dismissal. On October 5, 1998, the Illinois Appellate Court, Fourth District, rejected those arguments and affirmed the trial court's dismissal of the petition. *People v. McDade*, No. 5–97–0402 (Ill.App.Ct. Oct. 5, 1998).

## ANALYSIS

McDade filed his petition for a writ of habeas corpus on July 8, 1998(# 3). Accordingly, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this court's review of his petition. 28 U.S.C. § 2254 (West 1998); *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). To obtain relief under amended section 2254, the petitioner must show that the claims were adjudicated on the merits in state court, and that the claims either (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

From his petition, it is not clear precisely what issues McDade is asking this court to address. He seems to reiterate the claims he raised in his post-conviction petition, as well as those raised on appeal from the dismissal of that petition. He further states that "[n]one of the petition for writ of habeas corpus ... claims presented in this instant petition were included on appeal." Thus, the court interprets his petition as asserting only those claims raised in the petition for post-conviction relief and appeal from dismissal of that petition.

McDade's first claims stem from the testimony of the police officer who arrested McDade. McDade asserts that Officer Stephen Jostes committed perjury, and that defense counsel was ineffective for not impeaching Jostes with a prior inconsistent statement contained in the police report. In addition, McDade argues that the appellate court erred in affirming the trial court's summary dismissal of the post-conviction petition more than ninety days after it was filed. The court will address each claim separately.

### A. Claims Relating to Officer Jostes' Testimony

McDade first argues that he was denied effective assistance of counsel when his lawyer failed to impeach Officer Jostes with a prior inconsistent statement he made in a police report. Specifically, Jostes testified that when he first arrived at the scene, he closely watched all three suspects, but did not see a plastic bag in McDade's hand at any time. McDade asserts that this testimony conflicted with the official police report in which Jostes said that he saw McDade put both hands into his jacket pocket and put a plastic bag under his right shoulder.

The state court rejected McDade's argument that the failure to bring out this inconsistency constituted ineffective assistance of counsel. In doing so, the court applied the standard set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland,* the Court held that a claim of ineffective assistance of counsel will succeed only if a defendant shows 1) that "counsel's representation fell below an objective standard of reasonableness," and 2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 688, 694, 104 S.Ct. 2052. Applying that standard to this case, the trial court found that defense counsel's decision not to bring out Jostes' earlier statement that he saw the bag in McDade's hand was a reasonable strategic decision under the circumstances, and did not constitute ineffective assistance of counsel. The court noted that defense counsel was faced with either allowing the jury to believe that Jostes never saw the bag in McDade's hand, or impeaching his credibility while simultaneously bringing in the more damaging statement that he actually saw McDade holding the bag.

When a state court applies established law, its decision must be respected unless "unreasonable." 28 U.S.C.

§ 2254(d)(1). Ineffective assistance of counsel is a mixed question of law and fact, and a federal court's standard of review is therefore dictated by section 2254(d)(1). *See Lindh,* 96 F.3d at 868–71. This court may grant habeas relief on such questions only if the state court judgment involved an "unreasonable application" of clearly established federal law, which means that "a responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support the judgment." *Lindh,* 96 F.3d at 871. To prevail, a habeas petitioner must show that the state judgment was not even "minimally consistent with the facts and circumstances of the case." *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997), *cert. denied,* 522 U.S. 819, 118 S.Ct. 72, 139 L.Ed.2d 32 (1997). In other words, the decision must have been "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible, outcomes." *O'Brien v. Dubois,* 145 F.3d 16, 25 (1st Cir.1998).

In context of claims of ineffective assistance of counsel, the Seventh Circuit has explained that *"Strickland* builds in an element of deference to counsel's choices in conducting the litigation; [section] 2254(d)(1) adds a layer of respect for a state court's application of the legal standard." *Holman v. Gilmore,* 126 F.3d 876, 881 (7th Cir.1997), *cert. denied,* 522 U.S. 1150, 118 S.Ct. 1169, 140 L.Ed.2d 179 (1998). Thus, only a clear error in applying the *Strickland* standard would support a writ of habeas corpus. *See Holman,* 126 F.3d at 881. Here, the state trial court judge, who observed McDade's trial counsel, found that trial counsel had made a strategical decision in not cross-examining Jostes about the earlier statement. McDade's counsel decided that eliciting Jostes' previous statement that he saw the bag in McDade's hand would hurt McDade's case more than impeaching the officer's credibility would help it. One can always question such a decision in hindsight, but a strategic choice does not constitute constitutionally infirm representation. *Strickland* holds that the Consti-

tution requires a professionally competent defense, not the best possible defense. *Holman,* 126 F.3d at 883. Thus, the state court's application of the standard set forth in *Strickland* to this case was not unreasonable, and this court will not grant relief on that claim.

McDade next claims that his conviction was tainted by Jostes' perjured testimony, which the prosecution knew was false but failed to correct. McDade raised this issue in his post-conviction petition, but not on appeal from the dismissal of that petition.

A federal court cannot address the merits of a habeas petition unless the state courts have first had a full and fair opportunity to review its claims. *Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.1991), *cert. denied,* 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991). Illinois courts have had such an opportunity if the petitioner exhausted all available state remedies, and raised all claims during the state proceedings. The petition is barred unless the petitioner has satisfied both criteria. *Farrell,* 939 F.2d at 410.

Here, although McDade included his perjury claim in his petition for post-conviction relief, he did not raise that issue on appeal from the petition's dismissal. Once McDade invoked the post-conviction process, however, he was obligated to afford the Illinois Appellate Court an opportunity to hear his claims before seeking federal collateral review. *Momient–El v. DeTella,* 118 F.3d 535, 540 (7th Cir.1997), *cert. denied,* 522 U.S. 984, 118 S.Ct. 448, 139 L.Ed.2d 384 (1997) (failing to appeal issues raised in an Illinois post-conviction petition results in procedural default on habeas review). Thus, McDade has procedurally defaulted his claim that his conviction was based on perjured testimony.

The court must reach the same conclusion as to McDade's claim that he was wrongfully denied a psychiatric evaluation. McDade does not say much about this claim, just that "his rights were fur-

ther violated when [he] was denied [a] psychiatric evaluation before and during trial proceedings." McDade, however, never raised this claim in the state-court proceedings, nor does he offer any justification for failing to do so. Thus, McDade has procedurally defaulted this claim as well, and this court cannot address its merits. *Sotelo v. Indiana State Prison,* 850 F.2d 1244, 1252 (7th Cir.1988) (refusing to address issue raised for the first time in federal habeas corpus petition).

### B. *State Court's Dismissal of Post–Conviction Petition After Ninety Days*

On January 23, 1996, McDade filed in the circuit court his petition under the Illinois Post–Conviction Hearing Act. 725 Ill.Rev.Stat. 5/122–1 *et. seq* (West 1996). On January 29, 1996, the trial judge entered an order dismissing the petition as frivolous and patently without merit. However, that order was not immediately filed. In the meantime, on July 3, 1996, McDade filed a duplicate petition. The court took no further action on the petition, however, until July 3, 1997, when it entered the following docket entry:

Although the Court signed a written order denying and dismissing the post-conviction petition, which was signed originally on January 29, 1996 by this Court, the Clerk's office apparently did not file stamp the original and transmit a copy to the Defendant, and the Circuit Clerk's office has completely misplaced the entire file. In order that the Defendant shall have the opportunity to file his proper notice of appeal with the Appellate Court within the proper time period, this Court is going to order that a correct copy of the order dismissing the post-conviction petition be file stamped this date. The Clerk of the Court is ordered and directed to transmit a copy to the Defendant by certified mail within ten days from today's date.

 Under Illinois law, the trial court may dismiss a petition summarily within ninety days of filing. 725 Ill.Rev.Stat. 5/122–2.1(a)(2). Once that time elapses,

however, the trial court loses authority to enter a summary dismissal and must appoint counsel. *People v. Porter,* 122 Ill.2d 64, 118 Ill.Dec. 465, 521 N.E.2d 1158, 1167 (1988), *cert. denied,* 488 U.S. 837, 109 S.Ct. 102, 102 L.Ed.2d 77 (1988). Because the order dismissing McDade's January 23, 1996 petition was not file stamped until July 3, 1997, McDade argues that the court's dismissal is void.

McDade raised this claim on appeal to the Illinois Appellate Court. In rejecting his argument, the court held that the order was filed for purposes of the ninety-day rule when the judge signed it, not when the clerk file-stamped it on July 3, 1997. Thus, the court reasoned, the trial court's dismissal of the petition was proper under section 122–2.1(a)(2) because it was entered within ninety days of the petition's filing. *People v. McDade,* No. 5–97–0402 (Ill.App.Ct. Oct. 5, 1998).

 A federal court may not grant habeas relief based on a perceived error of state law. *Kokoraleis v. Gilmore,* 131 F.3d 692, 694 (7th Cir.1997), *cert. denied,* —— U.S. ——, 119 S.Ct. 80, 142 L.Ed.2d 63 (1998). The Supreme Court has instructed that " '[f]ederal courts do not sit to correct errors made by state courts in the interpretation and application of state law.' " *Coleman v. O'Leary,* 845 F.2d 696, 700 (7th Cir.1988), *cert. denied,* 488 U.S. 972, 109 S.Ct. 507, 102 L.Ed.2d 542 (1988) (*quoting Williams v. Lane,* 826 F.2d 654, 659 (7th Cir.1987)). In *Coleman,* the Seventh Circuit cautioned that federal courts "are not at liberty to conjecture that the trial court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied." *Coleman,* 845 F.2d at 699–700.

 By this claim, McDade challenges the application of a procedural statute governing when a trial court may summarily dismiss a petition filed under Illinois' Post–Conviction Hearing Act. This issue does not implicate a question of constitutional magnitude, and this court will not second-

guess the state court's interpretation and application of that state's law. Accordingly, this allegation fails to state a claim actionable under section 2254, and the court will not grant relief on that basis.

## CONCLUSION

For the foregoing reasons, this court concludes that the state appellate court rendered a reasonable decision regarding McDade's claim that his attorney rendered ineffective assistance of counsel. The court further finds that McDade procedurally defaulted his claims regarding perjured testimony and the failure of the trial court to order a psychiatric examination. Finally, the court finds that McDade's complaint about the timeliness of the trial court's summary dismissal of his post-conviction petition is purely a matter of state law not actionable in a federal habeas corpus proceeding. Accordingly, this court DENIES the Petition for Writ of Habeas Corpus (# 3) in its entirety. The clerk is directed to enter judgment in favor of Respondent and against Petitioner.