**Robert VAN ERMEN, Petitioner,**

v.

**Donald PERCY, Secretary, Department of Health and Social Services, Respondent.**

Civ. A. No. 79–C–440.

United States District Court, E. D. Wisconsin.

May 5, 1980.

---

Steven P. Weiss, Asst. State Public Defender, Madison, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen., and Pamela Magee-Heilprin, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Petitioner Robert Van Ermen, an inmate of the Wisconsin State Prison at Waupun, has petitioned this court for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition will be denied.

In 1961, petitioner was convicted of first degree murder and sentenced to life imprisonment. In 1972, his sentence was commuted by the Governor to a term of fifty years, and in April 1973, petitioner was released on parole. A special condition of his parole was that he refrain from drinking alcoholic beverages.

On July 10, 1976, petitioner consumed several cans of beer at a Summerfest celebration in New Berlin, Wisconsin. Shortly thereafter petitioner was arrested and charged with sexual assault of a child.

While petitioner was imprisoned awaiting trial on the sexual assault charge, the Bureau of Probation and Parole of the Wisconsin Department of Health and Social Services instituted proceedings to revoke petitioner's parole. The stated ground for the revocation was that petitioner violated the terms of his parole by consuming an alcoholic beverage.

A hearing on whether petitioner's parole should be revoked was held on August 30, 1976. Petitioner's earlier request for counsel had been denied, so, consequently, he was unrepresented at the revocation hearing.

The chief witness at the hearing was petitioner's parole officer, Agent Meenk. Meenk testified that petitioner had originally been convicted of murdering a 63-year old woman after sexually assaulting her during an episode of heavy drinking. Meenk submitted the 1973 parole decision in which the parole board imposed the no drinking provision.

Meenk testified that following petitioner's parole, "things went very well." Petitioner married and obtained permanent employment. Petitioner reported as directed and posed no supervisory problems.

The first indication that Meenk had that petitioner was drinking came in April 1976. At that time, one of Meenk's assistants interviewed petitioner's wife who stated that her husband had consumed "an occasional but seldom bottle of beer." On June 9, 1976, petitioner met with Meenk, but

Meenk did not remember to question him concerning his wife's allegation.

Meenk then testified that he interviewed petitioner in the Green Lake County jail following his arrest on the sexual assault charge. Petitioner admitted drinking six cans of beer on the day in question but denied that he was guilty of the assault.

Meenk stated that he wanted to revoke petitioner's parole because of his drinking, not because of the sexual assault charge. He stated that he and his supervisors considered petitioner's violation of the prohibition against the use of alcohol to be a serious matter in light of his original conviction which involved drinking. Meenk stated that it was his opinion that petitioner would pose a danger to the community if permitted to drink. Meenk introduced a neurological report prepared by Dr. Kenneth Viste which corroborated his opinion. The report, prepared in 1972, stated, among other things, that petitioner's anti-social behavior resulted from "pathological intoxication by alcohol," that similar behavior could be expected if he resumed drinking on the outside, and that he would pose "a potential danger to society should he begin drinking." This report was before the parole board in 1973 and was a basis for the imposition of the no drinking provision of petitioner's parole.

Shortly after the hearing, petitioner's parole was revoked. The hearing examiner found that petitioner had consumed alcohol in violation of his parole agreement and that this violation warranted revocation.

Following the revocation, petitioner filed for a writ of certiorari in Sheboygan County Circuit Court. After reviewing the administrative record, the Court found that the decision to revoke petitioner's parole was arbitrary and capricious and based on petitioner's pending sexual assault charge rather than his consumption of alcohol. The Court vacated the revocation order and reinstated petitioner to parole status.

The Department of Health and Social Services appealed the circuit court ruling to the Wisconsin Supreme Court, thereby automatically staying its enforcement. § 817.26, Wis.Stats. On February 14, 1978, however, the Wisconsin Supreme Court dissolved the stay and ordered petitioner released pending disposition of the appeal. On June 30, 1978, the Wisconsin Supreme Court reversed the circuit court ruling and reinstated the original revocation order. *Van Ermen v. Department of Health and Social Services*, 84 Wis.2d 57, 267 N.W.2d 17 (1978). Petitioner filed a motion for rehearing, which motion was denied on September 21, 1978. The case was remanded to the circuit court, and on February 12, 1979, petitioner was returned to prison. The sexual assault charge against petitioner was ultimately dismissed on the motion of the Green Lake County District Attorney.

Petitioner raises three issues for consideration by this court: (1) whether petitioner was denied his constitutional right to counsel at the revocation hearing; (2) whether petitioner was denied due process of law in that his revocation was arbitrary and capricious; and (3) whether petitioner was denied due process of law by the Wisconsin Supreme Court's refusal to order an updated evaluation of his need for incarceration.

In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court held that in some situations a parolee has a due process right to be represented by counsel at a parole revocation hearing. The Court stated that while in most cases the presence of counsel would be "both undesirable and constitutionally unnecessary," there were some cases where "fundamental fairness" would require that counsel be provided. *Id.*, at 790, 93 S.Ct., at 1763. The Court went on to outline the circumstances in which counsel would be necessary:

"* * * Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncon-

tested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. * * *"
*Id.*, at 790, 93 S.Ct., at 1764.

■ In this case the petitioner violated one of the conditions of his parole. The only matter that was contested at the revocation hearing was whether petitioner's violations were "justified or mitigated" so as to make revocation inappropriate. Petitioner raised several mitigating factors in his defense: his prior drinking with the knowledge of his parole agent, his wife's illness, and his good record on parole. None of these factors, however, can be characterized as so complex or difficult to present that the assistance of an attorney was required. The record indicates that the hearing examiner fully considered the mitigating circumstances but was nonetheless convinced the revocation was required. There is no evidence that petitioner was unable to raise all of the arguments at his disposal. This was not a case like *Cresci v. Schmidt*, 419 F.Supp. 1279 (E.D.Wis.1978), in which there were complicated factual issues of intent which went both to guilt and to mitigation. Here the facts were uncontested and relatively straightforward. Counsel was not required to assist in their explication.

Petitioner argues that counsel was necessary to object to the admission of the testimony concerning the pending sexual assault charge as well as the neurological report concerning petitioner's drinking. This argument is without merit. As noted by the Court in *Scarpelli*, 411 U.S., at 789, 93 S.Ct., at 1763, the formal rules of evidence do not apply at parole revocation hearings. This is particularly true with respect to the hearsay rule. *Id.* The hearing examiner was free to consider the challenged evidence and to give it whatever weight he saw fit. Since the evidence was not objectionable, petitioner had no right to an attorney's assistance in objecting to it.

■ With respect to petitioner's second issue, I find no violation of due process in

the hearing examiner's decision to revoke his parole on the evidence that was presented. Petitioner contends that his parole was revoked on the basis of "innuendo" with respect to the pending sexual assault charge. The record shows, however, that while the hearing examiner was aware of the pending charge, the revocation decision was based solely on the petitioner's violation of the no drinking provision. There was no question but that petitioner had violated the prohibition. The only question was whether the violation warranted revocation. Although there were extenuating circumstances, the hearing examiner determined (1) that petitioner presented a danger to society when drinking, and (2) that revocation would emphasize the importance of the condition that had been imposed.

■ In order for the sufficiency of the evidence to raise a federal constitutional issue, the State proceeding must be so devoid of evidence in support of the revocation so as to amount to a deprivation of due process. *Cresci v. Schmidt*, supra, at 1280. In this case there was ample evidence on which to conclude that the alcohol violation was serious and perhaps dangerous. The record indicates that petitioner, while normally a model of deportment, is a menace when under the influence of alcohol. The parole board justifiably was only willing to release petitioner on the condition that he refrain from drinking. When confronted with uncontrovertible evidence that petitioner had again begun to drink, the State was justified in ordering his reincarceration.

■ Petitioner's final argument is that the Wisconsin Supreme Court should have ordered a new hearing on the need for further incarceration due to the fact that so much time had elapsed from the date of the parole violation to the date when petitioner was finally reincarcerated. The Wisconsin Supreme Court, however, like this court, was only required to judge the legality of the revocation as of the time of the initial hearing. Changes that may have occurred since that time which would affect the need

for further incarceration are properly considered by the parole board. Petitioner has in fact been afforded a new parole hearing since his reincarceration and is challenging the denial of parole in the state court system. He will be afforded another hearing in May 1980. Petitioner is free to argue his present suitability for parole in the state forum. It need not be considered by this court.

IT IS THEREFORE ORDERED that the petition of Robert Van Ermen for the issuance of a writ of habeas corpus is hereby denied.