**UNITED STATES of America ex rel.
Charles GILKEY, Petitioner,**

v.

**George DETELLA, Respondent.**

No. 94 C 7077.

United States District Court,
N.D. Illinois,
Eastern Division.

March 15, 1996.

**318**

Charles Gilkey, Centralia, IL, Pro Se.

Steven R. Splitt, Illinois Attorney General's Office, Chicago, IL, Arleen C. Anderson, Attorney General's Office, Chicago, IL, for respondent.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner Charles Gilkey was found guilty in Illinois state court of violating his order of probation and sentenced to fourteen years incarceration with the Illinois Department of Corrections. Mr. Gilkey petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his waiver of counsel in connection with the revocation of probation hearing violated his constitutional rights. For the following reasons, the petition is denied.

### Background

■ The following narration of the facts is drawn from the Illinois appellate court's recitation in *People v. Gilkey,* 263 Ill.App.3d 706, 635 N.E.2d 712, 712–714, 200 Ill.Dec. 373, 375 (1st Dist.1994), *reh'g denied* (June 29, 1994), *and appeal denied,* 157 Ill.2d 511, 642 N.E.2d 1291, 205 Ill.Dec. 174 (1994). See *Lewis v. Huch,* 964 F.2d 670, 671 (7th Cir. 1992).[1]

On July 17, 1990, Mr. Gilkey pled guilty in Illinois state court to a burglary charge and

---

1. Under 28 U.S.C. § 2254(d), the federal habeas court must presume correct the state appellate court's findings of fact that are made after a hearing on the merits and are fairly supported by the record. *Lewis v. Huch, supra,* 964 F.2d at 671. Because Mr. Gilkey and the State of Illinois were parties to the state court proceeding, and the state court's determination was memorialized in a written opinion, there was a "hearing on the merits." *See Cuppett v. Duckworth,* 8 F.3d 1132, 1141–42 n. 7 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994).

was sentenced to five years probation and required to receive long-term inpatient treatment for his drug addiction. On December 20, 1990, Mr. Gilkey was again arrested and charged with a burglary alleged to have been committed on December 19, 1990. On March 11, 1991, the State of Illinois filed a petition charging Mr. Gilkey with violating his probation. The petition contained four allegations, none of which was connected to the December, 1990, burglary.

When Mr. Gilkey appeared in court on September 20, 1991 on the violation of probation charge, he requested leave to waive counsel and represent himself in the action. The court engaged Mr. Gilkey in a colloquy, discussing the nature of the charges, the possible penalties and his right to appointed counsel. Even after the court admonished Mr. Gilkey, he stood firm in his resolve to proceed without an attorney. The court granted Mr. Gilkey's request to waive counsel, at the same time appointing standby counsel to be available during the proceedings. Standby counsel was present and participated in the sentencing hearing in which the court concluded that Mr. Gilkey violated his probation. Standby counsel was not, however, present at the hearing in which the court found the violation.

On December 12, 1991, over Mr. Gilkey's objection, the State requested and was granted leave to file a supplemental petition for violation of probation. This petition added the December 19, 1990, burglary as a grounds for violation of probation, and the State elected to proceed in the action based on that allegation. In permitting the State to file the supplemental petition, the court noted that the burglary charge was pending in a case before Judge Mannion, and Mr. Gilkey had answered ready for trial in that case. As a result, the court thought it reasonable that the State base the violation of probation charge on the burglary offense. The court granted a continuance for Mr. Gilkey to prepare to defend against the allegation contained in the supplemental petition.

In a hearing on January 21, 1992, Mr. Gilkey was found to have violated his probation by committing the burglary alleged in the supplemental petition. On March 9, 1992, Mr. Gilkey's probation was revoked, and he was sentenced to fourteen years imprisonment.

Mr. Gilkey appealed his conviction and sentence to the Illinois appellate court claiming that his waiver of his right to counsel was invalid because the State filed the supplemental petition adding the new allegation which it used to prove Mr. Gilkey's violation of probation after he had already decided to proceed *pro se*. *People v. Gilkey, supra,* 635 N.E.2d at 712, 714, 200 Ill.Dec. at 373, 375. The appellate court disagreed and found that Mr. Gilkey knowingly and intelligently waived his right to counsel. *Id.* at 714–716, 200 Ill.Dec. at 375–377. Mr. Gilkey sought rehearing in the Illinois appellate court as well as leave to appeal the appellate court's decision to the Illinois Supreme Court. Both requests were denied. *People v. Gilkey, supra,* 635 N.E.2d 712, *reh'g denied* (June 29, 1994), *and appeal denied,* 157 Ill.2d 511, 642 N.E.2d 1291, 205 Ill.Dec. 174 (1994).

While his appeal to the Illinois appellate court was pending, Mr. Gilkey filed a petition for post-conviction relief in the Circuit Court of Cook County alleging, in part, that his rights under the Sixth and Fourteenth Amendments were violated in connection with the revocation of probation proceedings. This petition was dismissed on April 28, 1993, and Mr. Gilkey did not appeal that decision.[2] Mr. Gilkey then filed the instant petition for a writ of habeas corpus alleging that he was deprived of the right to counsel as guaranteed by the Sixth and Fourteenth Amendments in that his waiver of counsel was not knowing and intelligent since it occurred before the filing of the supplemental petition on December 12, 1991. Mr. Gilkey has presented this claim to the highest state court for a ruling on the merits, and therefore, as the parties agree, exhausted the available state remedies. *See Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir.1991),

**2.** While his petition for leave to appeal to the Illinois Supreme Court was pending, Mr. Gilkey filed a petition for relief from judgment which did not include any claims relating to the alleged violation of his constitutional right to counsel.

*cert. denied sub nom Farrell v. McGinnis,* 502 U.S. 944, 112 S.Ct. 387, 116 L.Ed.2d 337 (1991). Thus, Mr. Gilkey's petition for a writ of habeas corpus is properly before this court under 28 U.S.C. § 2254. *See id.*

### *Whether Mr. Gilkey Had a Right to Counsel*

■ Mr. Gilkey essentially argues that his waiver of counsel was invalidated by the state's subsequent filing of the supplemental petition including the burglary allegation on which the state relied to prove that Mr. Gilkey violated his probation. Mr. Gilkey may not challenge the adequacy of his waiver unless he had an underlying right to counsel at the probation revocation hearing. In discussing a hearing to revoke parole (a proceeding analogous to a probation revocation hearing), the Supreme Court recognized that

> [r]evocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Still, "the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others." *Id.* at 482. Therefore, although a probation revocation hearing is not part of a criminal prosecution, the fact that it results in a loss of liberty requires that the defendant receive certain due process protections. *Gagnon v. Scarpelli,* 411 U.S. 778, 782, 789, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656 (1973); *United States v. Scott,* 850 F.2d 316, 319 (7th Cir.1988).

■ "[T]he presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings...." *Gagnon v. Scarpelli,*

supra, 411 U.S. at 790, 93 S.Ct. at 1763. However, "fundamental fairness—the touchstone of due process" may require counsel at some hearings. *Id.* Thus, whether or not the protections afforded a probationer at a revocation hearing include the right to counsel, including appointed counsel, depends on the circumstances of the case. *Gagnon v. Scarpelli,* 411 U.S. at 790–91, 93 S.Ct. at 1763–64; *United States v. Yancey,* 827 F.2d 83, 89 (7th Cir.1987), *cert. denied,* 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 437 (1988).[3]

■ At the hearing to revoke his probation, Mr. Gilkey asserted that he would not contest the violation that formed the basis for the revocation. Report of Proceedings, 1/21/1992, p. 35. Where the probation violation is uncontested, there is a right to counsel when "there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and ... the reasons are complex or otherwise difficult to develop or present." *Gagnon v. Scarpelli, supra,* 411 U.S. at 790, 93 S.Ct. at 1764. When the issues involved in a probation revocation hearing are not "complex or difficult to present," there is no right to counsel. *Van Ermen v. Percy,* 489 F.Supp. 791, 794 (E.D.Wis.1980). The record in this case does not indicate "substantial reasons which justified or mitigated the violation" and are "complex or otherwise difficult to develop or present."

■ Additionally, "whether the probationer appears to be capable of speaking effectively for himself" is relevant to determining whether there is a right to counsel at a probation revocation hearing. *Gagnon v. Scarpelli, supra,* 411 U.S. at 791, 93 S.Ct. at 1764. Mr. Gilkey completed his G.E.D. while incarcerated. Petition for Leave to Appeal in the Supreme Court of Illinois (No. 77517), filed July 14, 1994, p. 6. At the time that he waived counsel, he had ample experience in

---

**3.** *Baldwin v. Benson,* 584 F.2d 953, 954–959 (10th Cir.1978), held that defendants in revocation proceedings have an absolute right to appointed counsel under the Parole Act, 18 U.S.C. § 4214. Section 4214 was repealed effective November 1, 1987 (but remained applicable for five years after that date to certain circumstances). *Baldwin* is not persuasive authority in light of *Black v. Romano,* 471 U.S. 606, 612, 105 S.Ct.

2254, 2258, 85 L.Ed.2d 636 (1984), which restated the rule set forth in *Gagnon, i.e.,* that probation revocation proceedings do not accord the right to counsel in all cases. In addition, under *Yancey,* which relates to events that occurred when 18 U.S.C. § 4214 was in place and remains good law, the rule in the Seventh Circuit is that there is no absolute right to counsel in probation revocation hearings.

the criminal justice system, although he had not previously attempted *pro se* representation. Report of Proceedings, 9/20/1991, p. 11. The state appellate court noted that Mr. Gilkey's " 'on the job training' as a result of his extensive criminal career," including 32 convictions or bond forfeitures and 13 sentences for incarceration between 1968 and 1988 for various offenses including armed robbery, burglary, theft, and deceptive practices, indicated "a high degree of legal sophistication." *People v. Gilkey, supra,* 635 N.E.2d at 716, 200 Ill.Dec. at 377; *see also* Report of Proceedings, 9/20/1991, p. 15. Mr. Gilkey skillfully dealt with the legal proceedings during the probation revocation hearing: the transcript of Mr. Gilkey's hearing shows that he deftly cross-examined and re-cross-examined the government's witnesses. Report of Proceedings, 1/21/1992, pp. 48–60, 70–77. The transcripts of the hearings preceding the revocation hearing demonstrate that Mr. Gilkey conducted research on his case, filed motions, made objections, and generally demonstrated an understanding of the legal system and trial procedure. *See e.g.* Reports of Proceedings, 12/12/1991, 1/10/1992. Mr. Gilkey competently communicated his position to the court, although the court did not always agree with him. *See id.* Thus, Mr. Gilkey appeared to be able to effectively speak for himself.

Mr. Gilkey never contested the fact of his violation. He was represented by counsel during the hearing on whether to revoke his probation and the appropriate sentence if probation were revoked. Mr. Gilkey has not shown that the principle of "fundamental fairness" afforded him any further right to counsel. Accordingly, Mr. Gilkey has no basis for complaining that his constitutional rights were violated.

### Conclusion

For the foregoing reasons, Mr. Gilkey's petition for a writ of habeas corpus is denied.